**Lionel LALIBERTE, Petitioner,**

**v.**

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 95–11543–EFH.**

United States District Court,
D. Massachusetts.

Oct. 11, 1995.

---

Lionel A. Laliberte, Milan, MI, pro se.

Michael D. Ricciuti, U.S. Attorney's Office, Boston, MA, Antoinette E.M. Leoney, Shelbey D. Wright, U.S. Attorney's Office, Boston, MA, for respondent.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on a motion by the defendant to vacate and set aside his criminal conviction pursuant to 28 U.S.C. § 2255, based on the ground that his conviction violated the Double Jeopardy Clause of the Fifth Amendment. The Court hereby denies the motion for the reasons set forth below.

In November, 1988 the government filed civil forfeiture complaints in the United States District Court for the District of Massachusetts and in the United States District Court for the District of New Hampshire against a number of the defendant's real properties, businesses, and vehicles, all of which were acquired by the defendant with the proceeds obtained from the sale of narcotics and subject to forfeiture by the government under 21 U.S.C. § 881(a)(6). The defendant filed a series of motions seeking to

prevent the forfeiture of his property, all of which were denied.

In June, 1989, the United States District Court for the District of Massachusetts granted the government's motion for summary judgment and a Final Judgment was entered in August, 1989.

In June, 1991, the United States District Court for the District of New Hampshire also granted the government's motion for summary judgment and a Final Judgment was entered. All of the properties subject to forfeiture were seized.

The government also commenced a criminal proceeding against the defendant. The defendant was first indicted by a federal grand jury sitting at Boston on April 11, 1990. That indictment was superseded on three occasions. The third superseding indictment charged defendant with conspiracy in violation of 21 U.S.C. § 846; possession and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); income tax evasion in violation of 26 U.S.C. § 7201; subscribing to a false tax return in violation of 26 U.S.C. § 7206(1); and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. After initially pleading not guilty to the charges, the defendant eventually entered a guilty plea in January, 1991. In August, 1992, the defendant was sentenced to a term of imprisonment of 121 months and to three years of supervised release.

■ The defendant now claims that his criminal sentence violated the Double Jeopardy Clause of the Fifth Amendment. He argues that his criminal sentence amounts to a multiple punishment for his drug trafficking because he has already been punished for this offense in his civil proceedings through the forfeiture of property which related to his drug dealing. This Court rejects this argument. The Supreme Court, in *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), decided that in rare occasions, a civil penalty may rise to the level of "punishment" for the purpose of Double Jeopardy. The Supreme Court, however, emphasized that if the civil sanction bears a rational relationship to the offense, is not wholly disproportionate, and is compensating the government for its loss, it will be viewed

as remedial, as opposed to an additional punishment. If this is the case, Double Jeopardy does not attach.

■ With regard to the forfeiture of property obtained with criminal proceeds, courts are split on whether such forfeiture rises to the level of "punishment" for Double Jeopardy purposes. The First Circuit has not decided whether or under what circumstances a civil forfeiture amounts to punishment for Double Jeopardy purposes. The majority of jurisdictions, however, have concluded that the forfeiture of property acquired by criminal proceeds does not constitute punishment for double jeopardy purposes. *United States v. Morgan*, 51 F.3d 1105 (2d Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 171, —— L.Ed.2d ——; *United States v. Tilley*, 18 F.3d 295 (5th Cir.1994); *United States v. Cullen*, 979 F.2d 992 (4th Cir.1992); *United States v. 38 Whalers Cove Drive*, 954 F.2d 29 (2d Cir.1992).

This Court decides to follow the majority of the jurisdictions in holding that the forfeiture of property obtained with criminal proceeds does not constitute additional punishment. The drug trade ravages the lives of individuals and families and poisons the community at large with its train of sickness, crime and social disorder. It is necessary for government to carry out its responsibility to protect society from its deadly scourge. To hold that the act of forfeiting contraband goods constituted a basis for double jeopardy would have as its consequence the necessity for government to either forego the forfeiture of the contraband or to forego the prosecution of the crime. For government to be placed in such a dilemma is intolerable to the good order of society.

■ As long as the civil forfeiture bears a rational relationship to the offense and is not wholly disproportionate, it will be viewed as remedial in nature and as having no impact on a defendant's criminal proceeding. This Court fully agrees with the Fifth Circuit in *Tilley* where that court stated:

> The forfeiture of proceeds of illegal drug sales serves the wholly remedial purposes of reimbursing the government for the

costs of detection, investigation, and prosecution of drug traffickers and reimbursing society for the costs of combatting the allure of illegal drugs, caring for the victims of the criminal trade when preventive efforts prove unsuccessful, lost productivity, etc.

*United States v. Tilley,* 18 F.3d 295, at 299 (5th Cir.1994).

The defendant, in this case, is unable to show that his civil forfeiture did not serve a remedial purpose. The cumulative purchase prices paid by the defendant for the forfeited property amounted to $3.665 million. This figure represents only about half of the amount of money that was generated by the defendant's illegal activity. In granting summary judgment, both district courts concluded that the government had sustained its burden of proving that the defendant purchased the forfeited properties with the proceeds generated by the defendant's drug trafficking activities. The First Circuit affirmed the conclusion of the United States District Court for the District of Massachusetts. *United States v. Parcels of Land,* 903 F.2d 36 (1st Cir.1990). Therefore, the defendant is clearly unable to show that the value of the forfeited property was disproportionate to the offense and amounted to an additional punishment.

For the above reasons, this Court denies the defendant's motion to vacate and set aside his criminal sentence pursuant to 28 U.S.C. § 2255.

SO ORDERED.