**Jerry Winslow CLARK, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Criminal No. 89–21–NN, Civil Action No. 4:95cv129.**

United States District Court, E.D. Virginia, Newport News Division.

Dec. 19, 1995.

Jerry Winslow Clark, Lexington, KY, Pro Se.

Robert J. Seidel, Jr., U.S. Attorney's Office, Norfolk, VA, for the U.S.

## MEMORANDUM AND FINAL ORDER

CLARKE, District Judge.

Petitioner Jerry Winslow Clark ("Clark") has filed this motion under 28 U.S.C. § 2255 asserting various violations of his constitutional rights in connection with his 1990 conviction under 21 U.S.C. § 846 for involvement in a drug conspiracy. The Court has received the government's Answer and Clark's Reply to that Answer. The Court does not feel that an evidentiary hearing is warranted in this case. *See* Rule 8, Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255. Having closely examined the claims in Clark's motion, the Court has determined that Clark is not entitled to relief.

For reasons more fully developed below, Clark's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

## I. BACKGROUND

The circumstances surrounding two convictions and one civil forfeiture proceeding are at issue in this motion. Clark was arrested on October 17, 1988 at Norfolk (Virginia) International Airport for being in constructive possession of a suitcase containing quantities of cocaine and heroin. Clark was tried and convicted on December 19, 1988 in this Court on one count of possession of cocaine with the intent to distribute and one count of possession of heroin with the intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). Clark appealed this conviction, contending that evidence essential to his conviction was the product of an illegal search and seizure at the airport. The Fourth Circuit rejected Clark's arguments and affirmed the convictions on December 12, 1989. *See United States v. Clark*, 891 F.2d 501 (4th Cir.1989).

At the time of his arrest, authorities seized cash and nine pieces of jewelry from Clark.[1] The cash and jewelry were forfeited pursuant to 21 U.S.C. § 881(a)(6) and 19 U.S.C. § 1602 et seq.[2] The cash was declared forfeit on March 3, 1989, and the jewelry was declared forfeit on March 30, 1989.

After Clark's first conviction, the government offered Clark immunity from further prosecution in exchange for testimony against his brother James T. Clark. Clark declined this offer and on August 1, 1989, was indicted for involvement in a drug conspiracy to distribute heroin and cocaine, in violation of 21 U.S.C. § 846. Clark's conduct at the airport, which had resulted in his prior § 841 conviction, was alleged as the overt act in the conspiracy indictment. Clark was tried and convicted on this charge. At his sentencing for that conviction, the government objected to the offense level of 30 that was calculated in the Presentence Report. The government contended that the quantity of drugs directly associated with the conviction of Clark's indicted co-conspirator and brother James T. Clark should be attributed to Clark. This Court agreed with the government that the drugs distributed by James T. Clark were reasonably foreseeable to Clark and thus should be attributed to Clark as a co-conspirator. Order of February 16, 1990. Accordingly, Clark's offense level was changed from 30 to 34 and the corresponding sentencing range was changed from 97 to 121 months to 151 to 188 months. This Court sentenced Clark within the latter sentencing range. *See* Order of February 16, 1990.

Clark appealed the § 846 conviction. Among other claims, Clark based his appeal

---

1. There is some dispute as to the quantity of cash seized at the airport. The government contends that the amount of cash was $1,670.00, as evidenced by the "Declarations of Forfeiture" in the government's Answer, Exh. A1 and B1. For reasons more fully set out below, the Court need not resolve the money issue because determination of Clark's forfeiture-based claims is beyond the scope of this Court's jurisdiction in this matter.

2. 21 U.S.C. § 881(a)(6):
   (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
   . . . .
   (6) All moneys, negotiable instruments, securities, or other things of value forfeited or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter except that no property shall be forfeited under this paragraph,

to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
*See* 19 U.S.C. § 1607(a):
**(a). Prohibited articles; transporting conveyances**
If—
. . . .
(4) such seized merchandise is any monetary instrument within the meaning of section 5312(1)(a)(3) of Title 31;
the appropriate customs officer shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct. Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article.
21 C.F.R. § 1316.71 et seq.

on Double Jeopardy grounds and objected to being held accountable for the drugs possessed and distributed by his brother. Clark contended that use of the § 841 conviction to establish an § 846 conspiracy conviction was a violation of Double Jeopardy. The Fourth Circuit rejected this argument stating that § 846 did not have an overt act as an element, unlike the general conspiracy statute 18 U.S.C. § 371. *United States v. Clark,* 928 F.2d 639, 641–42 (4th Cir.1991). Therefore, the § 846 conviction was not predicated on the prior § 841 conviction. The Fourth Circuit also held that this Court's determination of the drug attribution issue was not clearly erroneous and thus could not be overturned. *Id.* at 642–43. Clark's conviction was affirmed.

In the present motion, Clark raises three arguments supporting the vacating of his sentence. First, Clark contends that the second prosecution under § 846 was the result of malicious and vindictive intent by the prosecution. Clark alleges that his appeal of his first conviction along with his failure to cooperate in the prosecution of his brother led to the subsequent indictment for conspiracy. Second, Clark contends that his conspiracy conviction is unconstitutional under the Double Jeopardy Clause because his forfeiture of cash and jewelry constituted a prior punishment for the same conduct. Finally, Clark alleges ineffective assistance of counsel in that his attorney for his first conviction failed to protect Clark's interest in the forfeited property. For the second conviction, Clark alleges that his attorney failed to raise on appeal the issue of prosecutorial vindictiveness and in the appeal actually raised, failed to effectively argue the drug attribution issue.

## II. ANALYSIS

### a. Standard of Review under § 2255

■ To obtain collateral relief under § 2255, the petitioner must show cause and actual prejudice. *United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). "Cause" refers to justification for not having raised the issue previously. *Id.* at 168, 102 S.Ct. at 1594–95. "Actual prejudice," while not precisely defined,

refers do a degree of error placing the result of an entire trial and sentencing in doubt. *Id.* at 168–69, 102 S.Ct. at 1594–95.

### b. Scope of Review under § 2255

Clark's petition on its face attacks only the sentence imposed as a result of the latter, § 846 conspiracy conviction. Nevertheless, in the course of his argument and in his requests for relief, it is evident that Clark desires this Court to consider the merits of his forfeiture proceeding as well as the merits of his former § 841 convictions. This Court cannot do so.

Rule 2(c) of the Rules Governing § 2255 Proceedings states:

> (c) **Motion to be directed to one judgment only.** A motion shall be limited to the assertion of a claim for relief against one judgment only of the district court. If a movant desires to attack the validity of other judgments of that or any other district court under which he is in custody or may be subject to future custody, as the case may be, he shall do so by separate motions.

28 U.S.C. foll. § 2255. This rule clearly directs the Court to focus on the merits of one conviction and to direct relief accordingly. Therefore, in following Rule 2, this Court will address only arguments and remedies directed at the § 846 conviction.

■ It should further be noted that forfeiture proceedings under 21 U.S.C. § 881 are civil in nature. *See Case of One 1985 Nissan 300 ZX, VIN. JN1C214SFX069854,* 889 F.2d 1317, 1319 (4th Cir.1989) (§ 881(a)(6) forfeiture proceeding is primarily remedial and does not abate at the death of the property owner); *United States v. Santoro,* 866 F.2d 1538, 1543–44 (4th Cir. 1989) (noting § 881's broad remedial purposes and declaring a § 881(a)(7) proceeding to be civil in nature). Section 2255 applies to "[a] prisoner in custody" under sentence of a federal court who is "claiming the right to be released." 28 U.S.C. § 2255. Section 2255 is intended to mirror the remedies available through federal habeas corpus. *See Davis v. United States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). Accord-

ingly, a prisoner in a § 2255 motion must attack the fact or length of *confinement.* *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973) (habeas corpus case). Upon successfully presenting a § 2255 motion, the court may "vacate, set aside, or correct the sentence." *Id.* A forfeiture, as discussed above, is a civil proceeding and does not impact the liberty of a party with an interest in the property. *Dawkins v. United States,* 883 F.Supp. 83, 85 (E.D.Va.1995). Therefore, this Court does not have subject matter jurisdiction in this § 2255 action over any claims challenging the legitimacy of the civil forfeiture proceedings.

### c. Malicious and Vindictive Prosecution

Clark contends that the second drug prosecution was commenced as retaliation for his appeal of the first conviction and refusal to cooperate in the prosecution of his brother. Clark argues that his case matches the pattern of conduct exhibited in the line of cases where the Supreme Court has overturned convictions for vindictive prosecution or sentencing. *See e.g., Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) (prosecution of felony charge after defendant appealed misdemeanor conviction to automatically get *de novo* review in state high court violated Due Process); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (defendant who successfully appeals may not be sentenced more harshly after being convicted at retrial). The government would characterize the second prosecution as consistent with *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), where the Supreme Court held that a prosecutor's threats made in the course of plea bargaining do not constitute a violation of Due Process. In *Bordenkircher,* the Court noted that the "give-and-take negotiation common in plea bargaining" is constitutionally legitimate. *Id.* at 362–63, 98 S.Ct. at 667–68.

█ The distinction between an unconstitutional prosecution and constitutional hard bargaining is evidence of a "realistic likelihood of vindictiveness." *Blackledge,* 417 U.S. at 27, 94 S.Ct. at 2102 (internal quotation omitted). This standard must be distin-

guished from "a mere opportunity for vindictiveness [which] is insufficient to justify the imposition of a prophylactic rule." *United States v. Goodwin,* 457 U.S. 368, 384, 102 S.Ct. 2485, 2494, 73 L.Ed.2d 74 (1982). The Court has emphasized that the "fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation." *Pearce,* 395 U.S. at 725, 89 S.Ct. at 2080 (applied to sentencing judge); *Blackledge,* 417 U.S. at 28, 94 S.Ct. at 2102–03 (*Pearce* doctrine applies to prosecutions). However, it is also true that "the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." *Goodwin,* 457 U.S. at 382, 102 S.Ct. at 2493.

█ In this case, the Court concludes that Clark has not established a claim of prosecutorial vindictiveness and that the second prosecution was the product of the "give-and-take" of a legitimate plea bargaining. The record in this case establishes that the government sought Clark's testimony against his brother, Jerry T. Clark. Brief for Petitioner at 10. Following the first conviction for the "airport incident," it is clear that the government had linked Clark and others to a larger conspiracy that the second indictment would reveal lasted from February, 1987 to October, 1987. The government's leverage in this matter was applied to bolster the government's case against James Thomas Clark. Clark had the right to decline the plea bargain; however, the government also had the right to carry forward its conspiracy case against Clark. There is no indication that the second prosecution was instituted as retaliation against Clark's appeal of his first conviction, and the chilling effect that the second prosecution might have on a defendant's desire to appeal is far too attenuated to rise to the level of Due Process concern.

### d. Double Jeopardy through the Civil Forfeiture

Clark's second claim is that the civil forfeiture following his first conviction makes his second conviction invalid because of Double

Jeopardy. This argument must fail on three independent and sufficient grounds. First, Clark, unable to challenge the civil forfeiture in this proceeding, was not a party in the civil forfeiture and could not be placed in jeopardy by it. Second, the civil forfeiture under 21 U.S.C. § 881(a)(6) at issue in this case does not constitute "punishment" for Double Jeopardy purposes. Third, the forfeiture, even if considered a punishment, is not a punishment for the same criminal activity, the sentence for which Clark now moves to vacate.

### 1. Clark Lacks Standing Because He Was Not a Party to the Civil Forfeiture

■ As discussed above, Clark may not use a § 2255 proceeding to challenge the results of a civil administrative forfeiture. *See infra* at 6–7. This Court must therefore accept the forfeitures of cash and jewelry in this case as valid. The guidelines for forfeiture procedure are established in Title 19 of the United States Code, Sections 1602 through 1619. Under those guidelines, the seizing agency, here the Drug Enforcement Agency (DEA), had to publish a notice of seizure and intent to forfeit once a week for at least three successive weeks in a newspaper of general circulation in the judicial district where the assets were seized. 19 U.S.C. § 1607(a); 21 C.F.R. § 1316.71 et seq. Further, the DEA was required to give personal written notice of the seizure and information on the applicable procedure to any party who appeared to have an interest in the seized property. 19 U.S.C. § 1607(a). It is uncontroverted that Mr. Clark never made a claim in the forfeiture proceedings. Brief for Petitioner at 13. In light of the facial validity of the forfeitures, it would be inappropriate for this Court to assume that Clark had any property interest in the forfeited assets. Accordingly, this Court cannot conclude that Clark was "punished" by the forfeitures. Since the forfeitures were not a former punishment for Clark, Double Jeopardy cannot apply to Clark's conspiracy conviction. *See United States v. Washington*, 69 F.3d 401 (9th Cir.1995) (publication pending); *United States v. Baird*, 63 F.3d 1213, 1215–18 (3d Cir.1995) ("[W]e cannot fathom how an *administrative* forfeiture under section 881(a)(6), of *unclaimed* alleged drug proceeds could possibly be held to constitute "punishment" in relation to an individual's double jeopardy claim."); *United States v. Arreola–Ramos*, 60 F.3d 188, 192 (5th Cir. 1995) ("Thus, albeit a legal fiction, the very issuance of a summary forfeiture establishes that no one owned the Funds."); *United States v. Torres*, 28 F.3d 1463, 1465–66 (7th Cir.1994) ("[B]ecause Torres did not make a claim in the forfeiture proceeding, we have no reason to believe that he owned or had any interest in the money."); *United States v. Greenlaw*, 894 F.Supp. 272, 274 (E.D.Va. 1995).

### 2. A Civil Forfeiture under § 881(a)(6) is not Punishment

■ Even if Clark was a party to the civil forfeiture, his Double Jeopardy argument must still fail because a civil forfeiture pursuant to § 881(a)(6) is not "punishment" for Double Jeopardy purposes. A civil forfeiture may constitute "punishment" so as to invoke the protection of the Double Jeopardy clause. *See United States v. Halper*, 490 U.S. 435, 447–48, 109 S.Ct. 1892, 1901, 104 L.Ed.2d 487 (1989) ("The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law."). The Court in *Halper* established the criteria for determining whether a civil penalty is punishment for Double Jeopardy purposes:

> [T]he determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. Simply put, a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment.

*Id.* at 448, 109 S.Ct. at 1901–02. The Court explained that the "goals of punishment" were retribution and deterrence, so that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." *Id.* The Court then established that the government may impose civil sanctions and still not punish so long as the sanction is

proportional to the government's loss. *Id.* at 449, 109 S.Ct. at 1902.

It is unclear in this Circuit whether *Halper* applies to a proceeds forfeiture under 21 U.S.C. § 881(a)(6). The Fourth Circuit, in *United States v. Borromeo,* rejected the use of "a *Halper* type individualized accounting" in assessing whether a § 881(a)(6) forfeiture was punishment. 995 F.2d 23, 27 (4th Cir. 1993). The court relied on the prior Fourth Circuit opinion of *United States v. Cullen* in which the court held that "the Double Jeopardy Clause does not apply to civil forfeitures where the property itself has been an instrument of criminal activity." *United States v. Cullen,* 979 F.2d 992, 995 (4th Cir.1992). The forfeiture statute at issue in *Cullen* was 21 U.S.C. § 881(a)(7) which applies to real property used to facilitate drug related crimes. The *Borromeo* court extended the reasoning of *Cullen* to proceeds forfeiture cases under § 881(a)(6). 995 F.2d at 27. The court noted that instrumentality and proceeds forfeitures were both entirely remedial in nature. *Id.* Where instrumentality forfeiture removes the means of production and distribution from the drug trade and thus protects the community, proceeds forfeiture serves to prevent the unjust enrichment of participants in the drug trade. *Id.*

The *Borromeo* court's reliance on *Cullen* was undermined by the 1993 Supreme Court decision in *Austin v. United States,* 509 U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In *Austin,* the Court held that in rem civil forfeiture proceedings under 21 U.S.C. § 881(a)(4) (forfeiture of conveyances used to facilitate the production and distribution of controlled substances) and (a)(7) (forfeiture of real property used to facilitate any illegal drug related activity) constitute punishment for the purposes of the Eighth Amendment's Excessive Fines Clause. The Court applied a *Halper* style analysis to determine whether the civil instrumentality forfeiture provision in any way constituted punishment so as to require an analysis under the Eighth Amendment. *Id.,* 509 U.S. at ——, 113 S.Ct. at 2805. After an extensive review of the history of forfeiture generally and of Section 881(a)(4) and (a)(7) specifically, the Court concluded that "[i]n light of the historical understanding of forfeiture as punishment,

the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence that Congress understood those provisions as serving to deter and to punish, we cannot conclude that forfeiture under §§ 881(a)(4) and (a)(7) serves solely a remedial purpose." *Id.* at ——, 113 S.Ct. at 2811.

Since under *Austin* a forfeiture under § 881(a)(7) constitutes punishment for Eighth Amendment purposes, it reasonably follows that the same forfeiture must be punishment in the Double Jeopardy context. *See United States v. Baird,* 63 F.3d 1213, 1216 (3d Cir.1995); *United States v. Ursery,* 59 F.3d 568, 573 (6th Cir.1995) ("Thus under *Halper* and *Austin,* any civil forfeiture under § [sic] 21 U.S.C. § 881(a)(7) constitutes punishment for double jeopardy purposes."); *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210, 1219 (9th Cir.1994); *United States v. McCaslin,* 863 F.Supp. 1299, 1303 (W.D.Wash.1994). This conclusion places the result reached in *Cullen,* and, because of its reliance on *Cullen,* in *Borromeo* in doubt.

The Circuits have split regarding how the *Austin* decision impacts the Double Jeopardy analysis of civil forfeitures under § 881(a)(6). The Ninth Circuit has determined that the *Austin* decision addressed all civil forfeitures under § 881(a) and concluded, consistent with *Austin,* that a proceeds forfeiture under § 881(a)(6) constitutes punishment. *$405,089.23,* 33 F.3d at 1219–22; *see United States v. Aguilar,* 886 F.Supp. 740, 743 (E.D.Wash. 1994). In so holding, the Ninth Circuit established that the *Austin* decision should be seen as a departure from prior Supreme Court holdings that clearly established that civil forfeitures were not punishment for Double Jeopardy purposes. *Id.,* 509 U.S. at ——, 113 S.Ct. at 2811; *see United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984).

All other courts outside the Ninth Circuit, in addressing the impact of *Austin* on Double Jeopardy analysis, have reached a conclusion different from that of the Ninth Circuit with regard to § 881(a)(6). The prototype for the alternative analysis of *Austin* was provided by the Fifth Circuit in *United States v. Tilley,* 18 F.3d 295 (5th Cir.1994). The *Tilley*

court, in distinguishing *Austin,* concluded that the determination that the forfeiture in *Austin* was punishment rested on the Court's determination that:

> the forfeitures of conveyances and real estate have no correlation to, or proportionality with, the costs incurred by the government and society because of the large and unpredictable variances in the values of real estate and conveyances in comparison to the harm inflicted upon government and society by the criminal act.

*Id.* at 300. The court went on to contrast forfeitures under § 881(a)(6), noting that "the forfeiture of drug proceeds will always be directly proportional to the amount of drugs sold." *Id.* The *Tilley* court asserted that *Austin* was but an application of *Halper* and that the proportionality review required under *Halper* must be applied anew in each case to determine whether a civil sanction imposes "punishment." *Id.* at 298–99. The *Tilley* court also clarified what costs, under *Halper,* were subject to the proportionality test. The court noted that the costs to society should be included with the costs to the government in determining whether a proceeds forfeiture is remedial. *Tilley,* 18 F.3d at 299. The court stated:

> The forfeiture of proceeds of illegal drug sales serves the wholly remedial purposes of reimbursing the government for the costs of detection, investigation, and prosecution of drug traffickers and reimbursing society for the costs of combatting the allure of illegal drugs, caring for the victims of the criminal trade when preventative efforts prove unsuccessful, lost productivity, etc.

*Id.* (citing *Halper,* 490 U.S. at 444, 109 S.Ct. at 1899; *United States v. Ward,* 448 U.S. 242, 254, 100 S.Ct. 2636, 2644, 65 L.Ed.2d 742 (1980) (recognizing repayment of damages to society as remedial); *One Emerald Cut Stones v. United States,* 409 U.S. 232, 237, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972); *Rex Trailer Co. v. United States,* 350 U.S. 148, 153–54, 76 S.Ct. 219, 222–23, 100 L.Ed. 149

(1956) (recognizing market and societal costs resulting from wrongdoing and avoidance of unjust enrichment as remedial purposes)).

The *Tilley* court also recognized another basis for its determination that the forfeiture of proceeds was not punishment. The court noted that the perception of forfeiture as punishment is founded in the notion that the object being forfeited is "lawfully derived property." *Tilley,* 18 F.3d at 300. The proceeds of criminal activity, the court argued, cannot be considered property in this legal sense. The court analogized the forfeiture of drug proceeds to the forfeiture of proceeds from the robbery of a federal bank, a forfeiture the Supreme Court has held does not involve a property right of the defendant. *Id.* (citing *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 626, 109 S.Ct. 2646, 2653, 105 L.Ed.2d 528 (1989) ("the government does not violate the Sixth Amendment if it seizes the [bank] robbery proceeds and refuses to permit the defendant to use them pay for his defense.")). The court concluded that the forfeiture of proceeds is not punishment but "merely places [the offending party] in the lawfully protected financial status quo that he enjoyed prior to launching his illegal scheme." *Id.*

At least four other courts, including one in this circuit, have followed the double jeopardy approaches advocated in *Tilley.* *United States v. Salinas,* 65 F.3d 551, 552–54 (6th Cir.1995) ("Not only are drug proceeds inherently proportional to the damages caused by the illegal activity, . . . but also one never acquires a property right to proceeds, which include not only cash but also property secured with the proceeds of illegal activity.") [3]; *Dawkins v. United States,* 883 F.Supp. 83, 86–89 (rejecting the "*$405,089.23* court's mechanical application of *Austin* ); *see S.E.C. v. Bilzerian,* 29 F.3d 689, 696 (D.C.Cir.1994) ("the disgorgement" of ill-gotten gains "does not constitute punishment" under *Halper* ) (challenge to an S.E.C. disgorgement order that followed a criminal securities law convic-

---

**3.** It should be noted that the Sixth Circuit has adopted the Ninth Circuit's interpretation of *Austin* presented in *$405,089.23 U.S. Currency* for its double jeopardy analysis of § 881(a)(7) claims, but follows the Fifth circuit's *Tilley* decision for

§ 881(a)(6) claims. *Compare Ursery,* 59 F.3d at 572–73 (adopting the Ninth Circuit's analysis for a § 881(a)(7) case), *with Salinas,* 65 F.3d at 554 (adopting the Fifth Circuit's approach for a § 881(a)(6) case).

tion); *United States v. Ogbuehi*, 897 F.Supp. 887, 892 (E.D.Pa.1995) ("I do not read *Austin* so broadly as to say that *all* civil forfeitures of *any* kind of property under *any* statute are punitive. Instead, it is the *Halper* analysis that guides my inquiry.") (forfeiture pursuant to 18 U.S.C. § 981).

■ Upon carefully weighing the competing arguments, this Court is convinced that the arguments presented in *Tilley* best interpret the Supreme Court's Double Jeopardy analysis established in *Halper* and utilized in *Austin*. Therefore, the forfeiture of drug proceeds under § 881(a)(6) is never disproportionate to the cost to the government and society of drug-related crime, is never "punishment" under *Halper*, and, therefore, never causes a violation of Double Jeopardy. In the alternative, the forfeiture of drug proceeds does not involve any element of "property" legally vested in the defendant, and therefore does not constitute punishment for Double Jeopardy purposes.

This Court's support of *Tilley* is based primarily on a careful reading of *Austin* that suggests both that (1) the forfeitures under § 881(a)(4) and (7) were punishment because they failed the *Halper* proportionality test and (2) the Supreme Court recognizes that proceeds are not lawful property.

The Supreme Court in *Austin* reasoned that the forfeiture of conveyances and real estate under §§ 881(a)(4) and (a)(7), respectively, cannot be said to be solely remedial because of the "dramatic variations in the value" of such property. *Id.* The values "can vary so dramatically that any relationship between the Government's actual costs and the amount of the sanction is merely coincidental." *Id.* at n. 14. The Court's point is well taken in that it is easy to imagine expensive cars or land being used to facilitate the production or distribution of but a small quantity of drugs—any hypothesized image of the luxuriant or inefficient drug dealer. Forfeiture of the cars or land under such circumstances would be far more punitive than remedial in application. The Court also conceded that "it appears to make little practical difference whether the Eighth Amendment's Excessive Fines Clause applies to all forfeitures under §§ 881(a)(4) and

(a)(7) or only to those that cannot be characterized as purely remedial. The Clause prohibits only the imposition of 'excessive' fines." *Id.* This statement suggests the Court's awareness that a more rigorous assessment of any given forfeiture is necessary for a Double Jeopardy Clause analysis. Under *Halper* and in accord with *Tilley*, this Double Jeopardy analysis consists of an evaluation of the proportionality between the value of the forfeited objects and the costs to the government and society. We agree with the *Tilley* court that the correlation between drug proceeds and combined governmental and societal cost is strong enough to warrant the conclusion that the forfeiture of such proceeds is proportional and therefore entirely remedial.

In *Austin*, the Court also noted that "we have recognized that the forfeiture of contraband may be characterized as remedial because it removes dangerous or illegal items from society." 509 U.S. at ——, 113 S.Ct. at 2811. The Court's distinct treatment of contraband is important to the § 881(a)(6) "punishment" analysis because of the inherent link between contraband and proceeds. Proceeds are but contraband converted into a more convenient, liquid form. Again, we agree with the *Tilley* court that the forfeiture of proceeds, as a forfeiture of "illegal items," does not deprive the defendant of property and thus does not constitute punishment with its constitutional protection against Double Jeopardy.

The somewhat complicated analysis of the forfeiture as punishment issue leads to a simple application in this case. The forfeitures Clark addresses in this motion were under § 881(a)(6). The objects forfeited were a quantity of money and nine pieces of jewelry that the government established were the proceeds of drug activity. Under the Supreme Court's precedent established in *Halper*, the forfeiture of those drug proceeds was not punishment. Without a prior punishment, Clark's Double Jeopardy argument must fail. *See United States v. Torres*, 28 F.3d 1463, 1465 (7th Cir.1994) ("You can't have double jeopardy without a prior jeopardy.").

450

### 3. The Forfeiture is not Punishment for the Conspiracy Conviction

The Double Jeopardy Clause forbids, among other things, multiple punishments for the same offense. *See Halper*, 490 U.S. at 440, 109 S.Ct. at 1897. Even if Clark had filed a claim in the civil forfeiture proceeding and that forfeiture was found to be punishment, Clark is not entitled to relief on Double Jeopardy grounds because the forfeiture was not punishment for the conspiracy conviction that Clark is challenging in this § 2255 motion. The forfeited assets at issue were seized following Clark's arrest at Norfolk International Airport on October 17, 1988. *Clark*, 891 F.2d at 502. Following that arrest, Clark was convicted of two counts of drug possession with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). *Id.* The Fourth Circuit has already held that those convictions under § 841(a)(1) did not bar subsequent criminal conspiracy proceedings under 21 U.S.C. § 846, the conviction that Clark now challenges. *Clark*, 928 F.2d 639, 641–42 (4th Cir.1991). Even if the civil forfeiture were a punishment raising Double Jeopardy concerns, it is no more related to the § 846 conviction than were the § 841(a)(1) convictions. That is to say, the civil forfeiture was not punishment for the crime of conspiracy and therefore raises no Double Jeopardy concerns. *See United States v. Rhodes*, 62 F.3d 1449, 1451–52 (D.C.Cir.1995).

### e. Ineffective Assistance of Counsel

Clark's final claim is for ineffective assistance of counsel. Clark contends that "he was denied his Sixth Amendment right to effective assistance of counsel at all levels of his criminal proceedings, including his direct appeals." Brief for Petitioner at 18. However, as noted above, the scope of Clark's § 2255 motion is limited. *See infra* at 444–45. This Court can only consider Clark's claims related to the conduct of his counsel during the proceedings leading to Clark's 1990 conspiracy conviction and the appeal thereafter.

To establish an ineffective assistance claim, petitioner must show that 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. Clark contends that his counsel in the second prosecution was constitutionally deficient for not having raised the vindictive prosecution issue and for not making a better challenge to the attribution to Clark of drugs for which his co-conspirator/brother James T. Clark was found guilty of possession.

Clark's challenges fail the two-prong standard established in *Strickland.* First, counsel's failure to bring the somewhat dubious vindictive prosecution claim cannot be said to be deficient. Further, as our analysis has established, Clark cannot show that he was prejudiced by the failure to bring the vindictive prosecution claim because that claim is meritless. Second, Clark's own argument and the decision of the Fourth Circuit on appeal both show that counsel vigorously defended Clark on the drug attribution issue. *Clark*, 928 F.2d at 642–43; Brief for Petitioner at 24 ("Mr. Clark's attorney objected to the increase on the basis of reasonable foreseeability."). This Court cannot conclude that Clark's novel approach to attribution in the criminal conspiracy context would have been successful where counsel's reasonable foreseeability argument failed. Certainly, Clark's counsel was not constitutionally deficient in addressing the drug attribution issue. In sum, the Court concludes that Clark's counsel was "reasonable" in conducting Clark's defense in the conspiracy prosecution and appeal so as to satisfy the Sixth Amendment's guarantee of counsel. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). Further, this Court has no reason to doubt that the proper outcome was achieved at Clark's conspiracy trial. *Id.* at 691, 104 S.Ct. at 2066 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance of counsel necessary to

justify reliance on the outcome of the proceeding.").

### *III.   CONCLUSION*

Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct an Illegal Sentence is **DENIED.**   Petitioner is **ADVISED** that he may appeal *in forma pauperis* from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.   Said written notice must be received by the Clerk within thirty (30) days of the date of this Order.

The Clerk is **REQUESTED** to send a copy of this Final Order to petitioner and to the United States Attorney.

**IT IS SO ORDERED.**