**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**
No. 94-10967

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

OMAR ARREOLA-RAMOS,

                                        Defendant-Appellant.


Appeal from the United States District Court
for the Northern District of Texas


(July 20, 1995)


Before SMITH, WIENER, and DEMOSS, Circuit Judges:

WIENER, Circuit Judge:

     Defendant-Appellant Omar Arreola-Ramos (Arreola) faces a criminal drug trial. With this interlocutory appeal, he seeks to bar that trial on double jeopardy grounds. Although a non-party to a civil forfeiture proceeding, Arreola here asserts that the forfeited funds (Funds) were his; that he received no notice of the forfeiture; that the forfeiture of the Funds violates his due process rights; and that forfeiture of the Funds in his absence therefore constitutes former jeopardy. As a result, he argues, his

pending indictment -- arising as it does out of the same alleged criminal activity -- violates double jeopardy. We conclude that, as Arreola never made a claim in the civil forfeiture proceeding and thus never became a party, that forfeiture neither placed him in jeopardy nor punished him. Accordingly, we affirm the district court's denial of Arreola's motion to dismiss and remand to the district court for further proceedings.

I.

FACTS AND PROCEEDINGS

Arreola's story begins on Polk Street in Amarillo Texas, where he lives with his mother, Mary Apodaca. On a June evening in 1994, while investigating suspected drug activity, Amarillo law enforcement officials searched the Apodaca/Arreola residence and seized the Funds, approximately $11,408.00 in cash. This event precipitated two similar but independent judicial proceedings, one civil and the other criminal. First, Arreola and four others were indicted on federal drug charges.[1] Second, after the indictment but before the trial, the government initiated in rem civil forfeiture proceedings against the Funds, alleging that they were used in or acquired as a result of a drug-related offense.[2]

Civil forfeiture procedure requires the government to

_____

[1] 21 U.S.C. § 846 (West 1984 & Supp. 1995)(conspiracy to possess cocaine); 18 U.S.C. § 2 (West 1969 & Supp. 1995)(attempt to violate federal law).

[2] See 21 U.S.C. § 881(a)(6) (West 1984 & Supp. 1995). This statute incorporates the Tariff Act of 1930. See 21 U.S.C § 881(d). The Tariff Act permits "Administrative Forfeitures" of property valued at $500,000 or less. See 19 U.S.C. §§ 1607-1609 (West 1980 & Supp. 1995); 21 C.F.R. §§ 1316.75-77.

(1) publish, once a week for at least three successive weeks in a newspaper of general circulation, notice of its intention to forfeit, and (2) send "[w]ritten notice of seizure together with information on the applicable procedures . . . to each party who appears to have an interest in the seized article."[3]

A claimant then has 20 days from the first publication in which to file a claim and a cost bond of not less than $250.00.[4] The filing of the claim and the bond stops the administrative process and requires the seizing agency to turn over the matter to the United States Attorney for the commencement of a judicial forfeiture proceeding.[5] A claimant's failure to follow these procedures results automatically in a declaration of forfeiture by the seizing agency and the vesting of title to the forfeited property in the United States.[6] This declaration has the same effect as a final decree and order of forfeiture entered in a judicial proceeding.[7]

In this case, the notice of the forfeiture appeared for three

---

[3] 19 U.S.C. § 1607(a).

[4] 19 U.S.C. § 1608. Strange as it may seem, a claimant has 20 days from the first publication to make a claim. As a practical matter, this means that the time for appearance will expire shortly after the second publication and conceivably before the third.

[5] Id.; see also 21 C.F.R. § 1316.76(b). To secure the forfeiture, in a civil forfeiture proceeding, the government must establish probable cause to believe that the funds were used or acquired for illegal drug trafficking. See Vance v. United States, 676 F.2d 183, 187-88 (5th Cir. 1982).

[6] 19 U.S.C. § 1609.

[7] Id.

consecutive weeks in <u>USA Today</u>.  Additionally, the government sent the "Notice of Seizure" (Notice) via certified mail addressed to Arreola at his civil residence.  His mother received the Notice and signed the return receipt.  At the time, however, Arreola was incarcerated:  Shortly after the seizure of the Funds, he had been arrested on drug charges stemming from the same drug enforcement activity.

The 20 day period for contesting forfeiture expired without Arreola's having entered an appearance or contested the forfeiture.  Indeed, no one timely entered an appearance or contested the forfeiture.  Thus, on September 2, 1994, title to the Funds vested in the United States government.

Some six weeks later, Arreola filed a motion to dismiss the indictment against him.  In his motion, he argued that, in light of the recent forfeiture, a subsequent trial arising out of the same alleged criminal activity would violate double jeopardy.

At this point in the narrative, we pause to parse Arreola's motion.  He filed but one, a motion to dismiss for double jeopardy; however, his argument comprises three parts.  In the first he contends that former jeopardy attached in the civil forfeiture proceeding.  In the second he argues that, as a result of that former jeopardy, his pending criminal trial, if held, would violate double jeopardy.  But there is one catch:  Arreola was not a party to the civil forfeiture.  Thus, in the third part of his argument, in which he complains of a due process violation, Arreola is attempting retroactively to bootstrap himself into the civil

4

forfeiture proceeding and, more importantly, into its jeopardy effects.

Breaking this third, due process part down further, we perceive that Arreola's argument runs something like this: (1) the government arrested me, put me in jail, and seized my money; (2) knowing I was in jail, the government instituted forfeiture proceedings against my money, but sent notice only to my civil residence; and (3) this constitutes inadequate notice and violates my due process rights, as I was unaware of and unable to contest the forfeiture. Arreola then jumbles all three parts together and, in a transparent bit of legal alchemy, attempts to transmute the "lead" of a civil forfeiture proceeding -- in which he was not even a party -- into the "gold" of former jeopardy. Essentially, Arreola asked the district court (and now asks us) to overlook his absence from the forfeiture proceeding and to hold -- not merely "in spite of" his absence but indeed "because of" his absence -- that former jeopardy attached in the forfeiture proceeding. Despite its ingenuity, this is nothing more than a garden variety flawed syllogism.

The district court denied Arreola's motion: As Arreola was not a party to the civil forfeiture, reasoned the court, he was not placed in jeopardy by those proceedings. The district court nevertheless ruled that Arreola's motion to dismiss was not frivolous, granted Arreola leave to file an interlocutory appeal, and ordered a continuance of his criminal trial setting until we shall have ruled on Arreola's interlocutory appeal.

5

II.

ANALYSIS

A.   JURISDICTION

Our authority to hear this appeal lies in Abney v. United States.[8]  There, the Supreme Court held that appellate courts have jurisdiction to entertain an appeal from a pre-trial order denying dismissal sought on double jeopardy grounds.[9]  The Court reasoned that, as the Double Jeopardy Clause forbids a second trial, such a denial was within the "collateral order" exception[10] to the final judgment rule of appellate jurisdiction.[11]  The interlocutory appeal that Abney permits is, however, limited to double jeopardy claims and does not include other challenges.[12]

The scope of the instant interlocutory appeal is thus quite narrow:  We have jurisdiction to review only the district court's denial of Arreola's motion to dismiss to the extent it implicates double jeopardy.  In an Abney appeal, we cannot review other assertions of error, such as a due process violation in a separate and independent proceeding.  Consequently, we cannot consider Arreola's due process claim regarding notice in the civil

---

[8]  431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

[9]  Id. at 663, 97 S.Ct. at 2042.

[10]  See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

[11]  Abney, 431 U.S. at 663, 97 S.Ct. at 2042.

[12]  Id. at 662-63, 97 S.Ct. at 2041-42 (claim for dismissal on ground of insufficiency of indictment not within interlocutory appeal).

forfeiture case. Such claims may be brought in district court, either as a civil action collaterally attacking the summary forfeiture judgment[13] or in a criminal trial as a Rule 41(e) motion to return seized property.[14] As neither type of proceeding is before us in this interlocutory appeal of the district court's refusal to dismiss Arreola's criminal prosecution, we simply do not have jurisdiction over those issues. Arreola's claim of denial of due process in the civil forfeiture proceeding is thus beyond the scope of this appeal, and we neither express nor imply an opinion on the merits of such a claim. Accordingly, we review only his double jeopardy claim in the context of his dismissal motion.

## C.  DOUBLE JEOPARDY

"No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ."[15]  Double jeopardy

---

[13] See Scarabin v. Drug Enforcement Admin., 919 F.2d 337, 338 (5th Cir. 1990)(federal court review of agency's summary forfeiture proceeding "is limited to determining whether the agency followed the proper procedural safeguards when [DEA] declared [defendant's] property summarily forfeited"); see also United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995)(district courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures, which may be pursued in a civil action under federal question jurisdiction); United States v. Woodall, 12 F.3d 791, 793 (8th Cir. 1993)("the federal courts have universally upheld jurisdiction to review whether an administrative forfeiture satisfied statutory and due process requirements.").

[14] See, e.g., United States v. Clagett, 3 F.3d 1355, 1356-57 (9th Cir. 1993)(fact that funds seized during claimants arrest had already been administratively forfeited would not preclude Rule 41(a) motion for return of funds, if notice of pending forfeiture was inadequate, so that forfeiture proceeding was never available to claimant in any meaningful sense).

[15] U.S. Const. amend. V.

7

raises a legal issue of constitutional dimensions; we review de novo the denial of a motion to dismiss on double jeopardy grounds.[16] The Supreme Court has interpreted the Double Jeopardy Clause to shield citizens from both multiple prosecutions and multiple punishments for the same offense.[17] Of course, if the pending criminal trial in this case were to result in a conviction, Arreola would be subjected to punishment. And it follows that if the prior civil forfeiture proceeding, which was predicated on the same drug trafficking offenses as charged in the indictment, constituted a "punishment," the Double Jeopardy Clause would bar the pending criminal trial.[18]

1. *Was The Forfeiture "Punishment"?*

Only when a civil forfeiture constitutes "punishment" can jeopardy attach.[19] To determine whether a civil forfeiture constitutes punishment for purposes of double jeopardy, we must

---

[16] United States v. Gonzales, 40 F.3d 735, 737 (5th Cir. 1994), cert. denied, -- U.S.--, 115 S.Ct. 1716, 131 L.Ed.2d 575 (1995); see also United States v. Botello, 991 F.2d 189, 192 (5th Cir. 1993)("Standard of review for district court's denial of motion to dismiss on grounds of double jeopardy is de novo."), cert. denied, -- U.S. --, 114 S.Ct. 886, 127 L.Ed.2d 80 (1994).

[17] United States v. Cruce, 21 F.3d 70, 74 (5th Cir. 1994)(citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

[18] Regardless of the sequence of the civil and criminal proceedings, the Double Jeopardy Clause will bar the second proceeding if both the first and the second sanctions are deemed punishment. United States v. Sanchez-Escareno, 950 F.2d 193, 200 (5th Cir. 1991), cert. denied, -- U.S. --, 113 S.Ct. 123, 121 L.Ed.2d 78 (1992).

[19] See United States v. Tilley, 18 F.3d 295, 298-99 (5th Cir. 1994).

8

ascertain whether, "in a particular case, the amount of the proceeds forfeited was so great that it bore no rational relation to the costs incurred by the government and society resulting from the defendant's criminal conduct."[20] Thus, to evaluate whether, "in this particular case" the civil forfeiture was a "punishment" to the person asserting double jeopardy, we must, as a threshold issue, determine whose property the government acquired in the forfeiture of the Funds. For it is axiomatic that there can be no punishment if the property forfeited did not belong to the person claiming jeopardy.

2. *Who Was Punished?*

In any appeal, our factual consideration is limited to the district court record and any relevant final judgments. When we examine the record presently before us, we conclude that no one owned the Funds prior to the vesting of title thereto in the government. In his brief, Arreola says that he was listed on the "Declaration of Forfeiture" (Declaration) as the owner of the Funds. In fact, though, the Declaration identifies "SAME AS ABOVE" as the owner of the money. It is unclear to whom or what this designation refers; however, one thing is clear: Nowhere "above" that entry does Arreola's name appear. Rather, his name appears for the first time "below" that entry, identifying him as the individual from whom the property was seized.

We are here constrained by both the pre-trial record in the

---

[20] Tilley, 18 F.3d at 298-99 (citing Halper, 490 U.S. at 448-49, 109 S.Ct. at 1902).

criminal action and the final judgment in the civil forfeiture proceeding.  When one or both of these conflict with Arreola's assertions on appeal, we are bound by the former.  And, like the Declaration, the summary forfeiture judgment contradicts Arreola's assertions of ownership.  Moreover, only property that is unclaimed or "unowned" may be summarily forfeited.  Thus, albeit a legal fiction, the very issuance of a summary forfeiture establishes that no one owned the Funds.  Consequently, their forfeiture punished no one.

    3.  *No Punishment, No Jeopardy.*

Our analysis leads us inexorably to the conclusion that a summary forfeiture, by definition, can never serve as a jeopardy component of a double jeopardy motion.  In summary forfeiture proceedings, there is no trial, there are no parties, and <u>no one is punished</u>.[21]  Absent a trial, a party, and a punishment, jeopardy can never attach.[22]  As Arreola did not appear and contest the forfeiture, he was never in jeopardy.  Without former jeopardy,

---

[21] <u>United States v. Torres</u>, 28 F.3d 1463, 1465 (7th Cir.)("As a non-party, [defendant] was not at risk in the forfeiture proceeding, and '[w]ithout risk of determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.'"), <u>cert. denied</u>, -- U.S. --, 115 S.Ct. 669, 130 L.Ed.2d 603, (1994).

[22] <u>Serfass v. United States</u>, 420 U.S. 377, 388, 95 S.Ct. 1055, 1063, 43 L.Ed.3d 265 (1975)("The [Supreme] Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a judge or jury.'"); <u>see</u> <u>also</u> <u>Torres</u>, 28 F.3d at 1465 (holding that jeopardy did not attach to non-party to summary forfeiture and thus there was no risk of double jeopardy in subsequent criminal trial).

double jeopardy cannot arise.[23]  We agree with the district court: As Arreola failed to establish former jeopardy, he necessarily failed to establish even the possibility of double jeopardy.

In closing we point out that even though we affirm the district court's denial of Arreola's motion, that court may later vacate its finding of no prior jeopardy, if Arreola should renew his motion and the evidence should then show that there was in fact jeopardy.  The district court's pre-trial ruling considered whether, based on the evidence then before the court, double jeopardy appearedSQand concluded that it did not.  In this Abney appeal, we affirm the correctness of that ruling, and that narrow ruling alone.  Neither the district court's pre-trial decision nor ours on this appeal is binding as res judicata, law of the case, collateral estoppel, or any other theoretical bar to the double jeopardy issue in this case.[24]

Accordingly, the district court's denial of Arreola's motion to dismiss is affirmed and the case is remanded for further proceedings consistent herewith.

AFFIRMED and REMANDED.

---

[23] Serfass, 420 U.S. at 389, 95 S.Ct. at 1063; see also Torres, 28 F.3d at 1465 ("You can't have double jeopardy without a former jeopardy.").

[24] United States v. Stricklin, 591 F.2d 1112, 1119 (5th Cir. 1979); see also United States v. Bryan, 677 F.Supp. 482, 483 (N.D.Tex. 1987)("[S]hould a court find before trial that there is no double jeopardy, the court may later vacate its finding as the evidence develops at trial, if the defendant renews his motion and the evidence shows that there was, in fact, prior jeopardy.").