**UNITED STATES of America**

v.

**Moises VILLARREAL–LARA.**

**Criminal No. L–89–367.**
**Civil No. L–95–89.**

United States District Court,
S.D. Texas,
Laredo Division.

Nov. 28, 1995.

Moises NMI Villarreal–Lara, Seagoville, TX, pro se.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant Villarreal–Lara's 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. (Docket n. 18). The government filed an answer to Defendant's motion on November 15, 1995. (Docket n. 25). Defendant claims that the government forfeiture of a tractor-trailer, which he was driving on the day of his arrest for marijuana charges, constituted punishment and therefore his conviction on those charges was obtained in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

1. In the petition for remission, Defendant argued that the tractor was not subject to seizure because no contraband was found in the tractor.

## BACKGROUND

### 1. The Criminal Prosecution

On August 3, 1989, Defendant was arrested at a Border Patrol checkpoint after agents found bundles of marijuana in his tractor-trailer. On August 8, 1989, Defendant was charged in a two-count indictment with: COUNT 1–conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana (21 U.S.C. § 846); and COUNT 2–possession with intent to distribute marijuana (21 U.S.C. § 841(a)(1)). On September 14, 1989, after the Court denied Defendant's motion to suppress, Defendant entered a conditional guilty plea to COUNT 1 in exchange for the Government's dismissal of COUNT 2 and agreement to allow an appeal of the order denying the suppression motion. Defendant did not appeal his conviction. On December 12, 1989, the Court sentenced Defendant to 120 months in prison followed by four years of supervised release.

### 2. The Forfeiture

The Defendant's tractor was seized by the DEA on the day of his arrest, August 3, 1989. On August 21, 1989, written notice of the seizure was sent to Defendant at two locations: (1) the Webb County Jail; and (2) the Defendant's Laredo address. The notice directed to the jail facility was received on August 29, 1989 and the other was received on August 26, 1989. Beginning on August 23, 1989, notice of the seizure was continually published for three weeks in USA TODAY. The notices advised that any person contesting the forfeiture could file a claim and cost bond or an affidavit of indigency in lieu of the cost bond. The deadline for filing any claim was September 12, 1989. The notice also advised that the claimant had the option of filing a petition for remission or mitigation within 30 days of receiving notice.

On September 7, 1989, Defendant, through counsel, sent a letter titled "PETITION FOR REMISSION OR MITIGATION," which the DEA received on September 11, 1989. (Docket n. 25 at exhibit 6). Apparently, the DEA's forfeiture office considered the letter a claim of ownership[1], and not a peti-

(Docket n. 25 at exhibit 6). This language apparently led the DEA office to treat the petition initially as a claim of ownership.

tion for remission, as evidenced by a September 22, 1989 letter in which Defendant was informed that his claim was defective for lack of a cost bond or affidavit of indigency. (Docket n. 25 at exhibit 7). In a reply sent on October 24, 1989 and received on October 30, 1989, Defendant explained that it was his understanding that "a bond is *not* required when only a Petition for Remission or Mitigation is filed." (Docket n. 25 at exhibit 9). Although the Defendant clearly expressed his belief that he had filed a petition for remission and not a claim of ownership, he nevertheless, "out of an abundance of caution," sent a $700 cost bond in case the DEA decided that a bond was required for a remission petition. The DEA then treated Defendant's correspondence as a petition for remission.

On November 9, 1989, the tractor was forfeited pursuant to 19 U.S.C. § 1609 after the time had expired for filing a claim and cost bond. (Docket n. 25 at exhibit 10). On November 13, 1989, the DEA sent a letter returning Defendant's $700 cost bond and informing Defendant that his petition for remission and/or mitigation had been denied. (Docket n. 25 at exhibit 11).

## ANALYSIS

■ Defendant claims that he contested ownership of the tractor, that the subsequent forfeiture of the tractor constituted punishment, and that his sentence and conviction were therefore obtained in violation of the Double Jeopardy Clause. (Docket n. 18 at page 2). The Government asserts, among other things, that the Defendant has not established an ownership interest in the seized vehicle and thus should be precluded from claiming that the administrative forfeiture punished him for Double Jeopardy purposes.

The Double Jeopardy Clause of the Fifth Amendment provides that "no person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Supreme Court has held that civil sanctions may constitute "punishment" for Double Jeopardy purposes. *See United States v. Halper,* 490 U.S. 435, 446–

50, 109 S.Ct. 1892, 1901–02, 104 L.Ed.2d 487 (1989).

Before deciding whether a civil forfeiture constitutes punishment, however, the threshold question of ownership must be answered. *See United States v. Arreola–Ramos,* 60 F.3d 188, 192 (5th Cir.1995) ("it is axiomatic that there can be no punishment if the property forfeited did not belong to the person claiming jeopardy"). In *Arreola–Ramos,* the defendant moved to dismiss the indictment against him on Double Jeopardy grounds after the government administratively forfeited what were allegedly the defendant's funds. Recognizing it as a "legal fiction," the Fifth Circuit nevertheless stated that "the very issuance of a summary forfeiture establishes that no one owned the (forfeited property)." *Id.* Because in administrative forfeiture proceedings "there is no trial, there are no parties, and no one is punished," the Fifth Circuit was lead "inexorably to the conclusion that a summary forfeiture, by definition, can never serve as a jeopardy component of a double jeopardy motion." *Id.*

■ The Defendant's motion alleges that he "did oppose the forefeiture (sic) and filed a $700 bond." The Court recognizes that the DEA forfeiture office's initial handling of Defendant's petition for remission and/or mitigation is confusing. Although Defendant's letter was clearly labeled "PETITION FOR REMISSION OR MITIGATION," the DEA informed Defendant that he had not complied with the regulations relating to claims of ownership, in effect treating the remission petition as an ownership claim. If this were the only information before the Court, the status of Defendant's ownership claims would pose a more difficult question. Defendant's October 24, 1989 letter, however, removes any doubt as to what Defendant was seeking. (Docket n. 25 at exhibit 9). Defendant explained that he understood that "a bond is *not* required when only a Petition for Remission or Mitigation is filed." The Defendant thus clearly expressed his belief that he had filed a petition for remission and not a claim of ownership. Accordingly, the DEA properly treated and processed this letter as a petition for remission. Because a petition for remission "does not serve to contest the for-

feiture, but rather is a request for an executive pardon of the property based on the petitioner's innocence or, for a wrongdoer, on a plea of leniency," Defendant's remission petition will not suffice as a claim of ownership for Double Jeopardy purposes. *United States v. Ruth*, 65 F.3d 599, 604 n. 2 (7th Cir.1995); *see also* 28 C.F.R. § 9.5–Criteria governing remission and mitigation (1995) ("shall presume a valid forfeiture" in evaluating a remission petition). Defendant was never a party to the civil forfeiture proceeding and was thus never put in jeopardy. It logically follows then that "without former jeopardy, double jeopardy cannot arise." *Arreola–Ramos*, 60 F.3d at 193.

 Moreover, while the government apparently concedes that Defendant has properly raised a colorable Double Jeopardy claim via a § 2255 motion, the Court notes that the Defendant's voluntary guilty plea constituted a waiver of this double jeopardy claim. *Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir.1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992). Defendant's guilty plea was made freely and knowingly, assisted by competent counsel, and, as previously stated, Defendant did not attempt to appeal his conviction. Further, Defendant received official notice of the seizure prior to his plea of guilty and yet he never moved the Court to set aside the plea on Double Jeopardy grounds before sentencing. Subject to two narrow exceptions not applicable in the present case, it is well-established that "a defendant who has entered a plea of guilty to a criminal charge may *not* assert a double jeopardy claim in a collateral attack upon the sentence. *Id.* (citation omitted).

The Court also notes that even assuming, arguendo, that the Defendant did have standing to raise the Double Jeopardy claim, there is strong authority for the proposition that

**2.** Some courts have held that the *Halper* proportionality analysis is unnecessary in cases, such as here, where the forfeited property was used as an instrumentality of a crime. *United States v. Cullen*, 979 F.2d 992, 995 (4th Cir.1992) ("Double Jeopardy Clause does not apply to civil forfeitures where the property itself has been an instrument of criminal activity"); *United States v. Certain Real Property and Premises*, 954 F.2d 29, 36 (2nd Cir.), *cert. denied*, 506 U.S. 815, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992) (forfeiture will

the forfeiture of the vehicle in the present case would not constitute "punishment" for Double Jeopardy purposes.[2] Because Defendant was never in jeopardy during the civil forfeiture, however, that issue need not be addressed. Defendant's Double Jeopardy claim is without merit. Accordingly, Defendant's 28 U.S.C. § 2255 motion will be dismissed.

not be presumed punitive where "the seized property has been used substantially to accomplish illegal purposes"); *but see United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210, 1219 (9th Cir.1994) (applying a proportionality analysis to a forfeiture of proceeds and rejecting the notion that *"Halper* has no application to the very ancient practice by which instrumentalities of a crime may be declared forfeit to the government") (citation omitted).