70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George H. EDWARDS, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2692.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 14, 1995.
Decided Nov. 29, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 22, 1995.
 
 Before CUMMINGS, BAUER and ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 George Edwards appeals from the district court's denial of his motion to vacate his sentence. 28 U.S.C. Sec. 2255. He contends that holding him in prison violates the Double Jeopardy Clause because he was previously punished for the same conduct in a civil forfeiture action, even though he failed to contest the forfeiture proceedings. After hearing oral argument from plaintiff's counsel, we affirmed the district court's judgment from the bench on November 14.
 
 
 2
 On February 8, 1985, law enforcement officials executed a search warrant and seized $42,279, as well as cocaine, assorted drug paraphernalia, firearms, and jewelry, from George Edwards's home in East St. Louis, Illinois. Edwards was arrested and later was indicted on six counts, four under 21 U.S.C. Sec. 841(a)(1) (possession and intent to distribute a controlled substance), and two under 18 U.S.C. Sec. 1202(a)(1) and 18 U.S.C. Sec. 924(c)(2) (firearms violations). While awaiting trial, Edwards received notice that the government was instituting a civil forfeiture proceeding under 21 U.S.C. Sec. 881 for the $42,279. Although he was given until April 19, 1985, to contest the forfeiture, he took no action to do so. On September 10, 1985, the court awarded the government possession of the $42,279.
 
 
 3
 During this period, Edwards was tried. Three days into the trial, on July 10, 1985, Edwards pleaded guilty to two counts under 21 U.S.C. Sec. 841(a)(1). The other charges were dropped. Edwards received a sentence of fifteen years and ten years in custody, to be served concurrently. He served six years and two months and was released on parole. He was returned to custody, however, because he tested positive for drug use, and he is now scheduled to be released December 5, 1997.
 
 STANDARD OF REVIEW
 
 4
 Because this petition turns on a question of law, this Court reviews the district court's denial of the motion de novo. Milone v. Camp, 22 F.3d 693, 698 (7th Cir.1994), cert. denied, 115 S.Ct. 720 (1995); Garrity v. Fiedler, 41 F.3d 1150, 1151 (7th Cir.1994), cert. denied, 115 S.Ct. 1420 (1995).
 
 ARGUMENT
 
 5
 Edwards cites constitutional error in his sentence by invoking the Double Jeopardy Clause. He argues that, because he has both forfeited his money and been sentenced to prison, he has suffered multiple punishments for the same offense.
 
 
 6
 The Double Jeopardy Clause protects against the imposition of multiple punishments for the same offense, as well as a second prosecution for the same offense after acquittal or a second prosecution for the same offense after conviction. United States v. Halper, 490 U.S. 435, 440 (1989). Civil forfeitures may constitute a punishment for purposes of double jeopardy, id. at 448, and parallel civil and criminal proceedings for the same offense may constitute multiple punishments. See Department of Revenue v. Kurth Ranch, 114 S.Ct. 1937 (1994). Jeopardy must attach, however, before a defendant can claim double jeopardy. United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.), cert. denied, 115 S.Ct. 669 (1994).*
 
 
 7
 In Torres, this Court held that a defendant who did not contest a forfeiture could not claim double jeopardy because he was a party to only one proceeding. Id. Edwards seeks to distinguish Torres, however, by arguing that conclusion was simply dictum. He believes that Torres rested upon the conclusion that Torres could not show ownership of the forfeited funds. Edwards seeks to show that although he did not contest the civil forfeiture, he in fact owned the $42,279 and thus suffered a punishment when he was deprived of it. He can prove ownership, he believes, because the money was found in his house, because he filed a motion in the criminal proceeding for the return of all property seized, which included the money, and because the government recognized his ownership interest when it gave him notice of the forfeiture proceedings. Edwards contends that because he was deprived of this ownership interest he was effectively punished. He also argues that the owner of property subject to forfeiture proceedings is in fact a party to that forfeiture whether or not he officially participates in the proceedings.
 
 
 8
 Whether Edwards can show indicia of ownership, however, is not relevant to this claim of double jeopardy. This Court has recently reiterated that jeopardy has not attached where a criminally prosecuted defendant has failed to contest a separate civil forfeiture proceeding. In United States v. Ruth, 65 F.3d 599, 604 (7th Cir.1995), for example, the Court held squarely that a criminal defendant who attempted to contest a forfeiture, but whose claim was untimely, could not claim Double Jeopardy: "Although in reality Ruth may have suffered two harms--the loss of his property in the forfeiture and the separate threat of loss of liberty from the criminal case--he cannot have been subjected to double jeopardy because he was only a party in a single case (the criminal case)." (emphasis in original). Similarly, in United States v. Penny, 60 F.3d 1257, 1262 (7th Cir.1995), this Court denied a double jeopardy claim and concluded, "It is irrelevant that Mr. Penny believes the forfeiture action was directed toward him; he failed to assert an interest in the property at the forfeiture proceeding and therefore cannot invoke the protections of the Fifth Amendment Double Jeopardy Clause."
 
 
 9
 Edwards's purported ownership interest benefits him as little as Penny's and Ruth's interests did their claims. Edwards simply has no double jeopardy claim: because of his failure to contest the forfeiture proceeding, he was party to only a single case. As the Court stated in Ruth, "[t]his determination is dispositive, and we therefore need not investigate the more troubling issue of whether this civil forfeiture, had Ruth been a party, would implicate double jeopardy concerns. Ruth's failure to become a party to this forfeiture bars him, under Torres, from prevailing on a double jeopardy claim." Ruth, 65 F.3d at 604.
 
 
 10
 Edwards also asks this Court to overrule Torres. Several circuits have cited Torres with approval, and, to date, the Supreme Court has not granted certiorari in Torres or any of the similar opinions. See United States v. Baird, 63 F.3d 1213, 1218 (3d Cir.1995), petition for cert. filed, ---- U.S.L.W. (U.S. Oct. 17, 1995) (No. 95-630); United States v. Cretacci, 62 F.3d 307, 309 n. 1 (9th Cir.1995); United States v. Arreola-Ramos, 60 F.3d 188, 192 n. 21 (5th Cir.1995); United States v. Ursery, 59 F.3d 568, 572 (6th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95-345); United States v. Morgan, 51 F.3d 1105, 1113 (2d Cir.), cert. denied, 116 S.Ct. 171 (1995). No court of appeals has criticized Torres. Edwards, whose arguments fail to understand the holding of Torres, cites no compelling reason to overrule it.
 
 CONCLUSION
 
 11
 The judgment of the district court is affirmed.
 
 
 
 *
 The Torres opinion explained why Austin v. United States, 113 S.Ct. 2801 (1993), and United States v. Halper, supra, do not require a contrary holding