IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30464
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO DOMINGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
( 92-161-H)
_____

January 10, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Guillermo Dominguez appeals the district court's order dismissing his petition for a writ of error <u>coram nobis</u>. Dominguez pleaded guilty to conspiracy with intent to distribute cocaine, a violation of 21 U.S.C. § 846. Dominguez did not appeal his conviction, but filed a petition for a writ of error <u>coram nobis</u>. In the petition, Dominguez argued that his conviction violated double jeopardy because he previously had been subjected to "civil/administrative forfeiture of the sum of $2,000.00 that was taken by U.S. Customs in April of 1991 and over 30 other civil

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

forfeitures after that date."  According to Dominguez, law enforcement officers "seized monies from [him] for nearly 2 years under cover of [a] sting operation.  Ultimately, all of the property, automobiles, heavy equipment, office equipment, etc. . . . was all seized by the Federal Government."

The district court dismissed Dominguez's petition on the basis of Rule 60(b) of the Federal Rules of Civil Procedure, which abolishes the writ of coram nobis.  The Fifth Circuit has held that the relief formerly available through such a writ remains available under the All Writs Act, 28 U.S.C. § 1651.  United States v. Drobny, 955 F.2d 990, 996 (5th Cir. 1992).  Coram nobis relief is available, however, only to a defendant who is no longer in custody.  Id.  Dominguez cannot proceed under the All Writs Act because he is serving the prison sentence imposed pursuant to his plea agreement.

Construing Dominguez's petition liberally as a motion under 28 U.S.C. § 2255, we are unable to reach the merits because of an insufficiently developed record.  In general, a guilty plea forecloses a double jeopardy claim unless the movant challenges the validity of the plea or the face of the indictment or record establishes that the convictions violate the constitutional prohibition against double jeopardy.  United States v. Broce, 488 U.S. 563, 569, 574-75 (1989).  Dominguez did not challenge the validity of his guilty plea.  His double jeopardy challenge conceivably could fall within the other exception to the guilty-

plea bar, in that "judged on its face, the charge is one which the [government] may not constitutionally prosecute." Broce, 488 U.S. at 575. Before making this determination, it is necessary to ascertain whether the civil forfeitures to which Dominguez alleges he was subjected constituted "punishment" for purposes of double jeopardy.[1]

The "punishment" analysis varies depending on the particular subparagraph of 21 U.S.C. § 881(a) under which the alleged forfeitures occurred. In United States v. Tilley, 18 F.3d 295, 298 (5th Cir. 1994), cert. denied sub. nom., 115 S.Ct. 573 and cert. denied, 115 S.Ct. 574, this court applied the proportionality framework established by the Supreme Court in United States v. Halper, 490 U.S. 435 (1989), to determine whether the civil forfeiture of drug proceeds pursuant to 21 U.S.C. § 881(a)(6) was "punishment" for purposes of double jeopardy. In a recently decided case, the Fifth Circuit held that this proportionality analysis is inapplicable to forfeitures under 21 U.S.C. § 881(a)(4) and § 881(a)(7). United States v. Perez, No. 94-60788, slip op. 962, 966 (5th Cir. Nov. 21, 1995). Forfeitures under these subparagraphs are per se "punishments" for purposes of double jeopardy regardless of the value of the property involved. Id.

Because the record on appeal does not demonstrate conclusively

---

[1]Dominguez also will have to show that he had an ownership interest in the items allegedly seized and that he made a claim in the civil forfeiture proceedings. See United States v. Arreola-Ramos, 60 F.3d 188, 192-93 (5th Cir. 1995).

that Dominguez's double jeopardy argument lacks merit, we VACATE the district court's order and REMAND for consideration of Dominguez's petition as a motion under 28 U.S.C. § 2255 consistent with this opinion.[2]

VACATED and REMANDED.

---

[2]On remand the district court should allow the government to argue that Dominguez's double jeopardy claim is barred because of his failure to raise it on direct appeal. See United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (en banc), cert. denied, 502 U.S. 1076 (1992).