IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50927
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL PACHECO, also known as Manuel
Octavio Pacheco-Alvarez; RMI SERVICES
INTERNATIONAL, INC.,

Defendants-Appellants.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CR-171-1
USDC No. SA-95-CR-171-4
- - - - - - - - - - -
June 26, 1996

Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellants appeal the district court's denial of their motion to dismiss the criminal indictment against them on the ground that it violates the Due Process, Double Jeopardy, and Excessive Fines Clauses of the U.S. Constitution. Appellants argue that the simultaneous prosecution of civil forfeiture

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

proceedings and this criminal prosecution violates the Due Process Clause in that the proceedings are designed to exhaust appellants' resources.  We decline to review appellants' due process claim for lack of jurisdiction in this interlocutory appeal.  See Abney v. United States, 431 U.S. 651, 662 (1977); United States v. Arreola-Ramos, 60 F.3d 188, 191 (5th Cir. 1995).

Appellants also argue that the simultaneous civil forfeiture and criminal proceedings violate the Double Jeopardy Clause.  The record indicates that the civil forfeiture proceedings have been consolidated and stayed pending the resolution of the criminal proceedings against appellants.  Because there has been no final adjudication of civil liability in the civil forfeiture proceedings, jeopardy has not attached and the instant criminal prosecution does not violate the Double Jeopardy Clause.  See United States v. Gonzalez, 76 F.3d 1339, 1344 (5th Cir. 1996).

AFFIRMED.