**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-50734

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellant
                              Cross-Appellee,

versus

STEVEN E MAY, Sheriff,

                              Defendant-Appellee
                              Cross-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
(A-92-CR-187)

_____

July 11, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Steven E. May pleaded guilty to conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 846, and laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1). May did not appeal his

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

conviction or sentence. May subsequently filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence alleging that the civil forfeiture of his property, prior to his guilty plea, constituted "punishment" and therefore May's subsequent conviction and sentence violated double jeopardy principles. The district court granted in part and denied in part May's § 2255 motion. The district court found that the forfeiture of May's property under 21 U.S.C. § 881(a)(7) constituted punishment for May's illegal drug activity.[2] Accordingly, the district court determined that May's subsequent plea and sentence on drug charges violated double jeopardy principles. The district court denied May's § 2255 motion as to his conviction for laundering of monetary instruments, finding the criminal conduct to be distinct from that upon which the forfeiture was based. The government appeals the district court's decision to grant, in part, May's § 2255 motion. May cross-appeals the district court's decision to deny, in part, his § 2255 motion.

After a careful review of the record, we conclude that May's plea and sentence, entered subsequent to the forfeiture of his assets, did not constitute double jeopardy. May failed to appear and contest the forfeiture of his assets. As we have previously

---

[2]    Some of May's property was forfeited under 21 U.S.C. § 881(a)(6) (applicable to "drug proceeds") and some under § 881(a)(7) (applicable to property used to "facilitate" drug transactions). The district court properly determined that the property forfeited as drug proceeds under § 881(a)(6) was not subject to double jeopardy analysis. *United States v. Tilley*, 18 F.3d 295, 299-300 (5th Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 574, 130 L. Ed. 2d 490 (1994).

held, "The defendant must be a party to the forfeiture proceeding for jeopardy to attach." *United States v. Gonzalez*, 76 F.3d 1339, 1343 (5th Cir. 1996); *see also United States v. Buchanan*, 70 F.3d 818, 830 n.12 (5th Cir. 1995) (holding that jeopardy does not attach where "defendant is a non-party to a forfeiture proceeding, and does not assert ownership over the property"), *cert. denied*, ___ U.S. ___, 116 S. Ct. 1340, 134 L. Ed. 2d 490 (1996); *United States v. Arreola-Ramos*, 60 F.3d 188, 193 (5th Cir. 1995) (holding that "as Arreola did not appear and contest the forfeiture, he was never in jeopardy"); *accord United States v. Denogean*, 79 F.3d 1010, 1013 (10th Cir. 1996) (holding that jeopardy did not attach in a judicial *in rem* forfeiture because the "Defendant did not judicially contest the government's civil forfeiture action"); *United States v. $184,505.01 In U.S. Currency*, 72 F.3d 1160, 1168 (3d Cir. 1995) (holding that defendant must be a party in order for jeopardy to attach in either judicial or administrative forfeiture proceedings). Because May failed to contest the forfeiture of his assets, he was never placed in jeopardy. Therefore, May's subsequent plea and sentence did not violate double jeopardy principles. *See Arreola-Ramos*, 60 F.3d at 193 ("Without former jeopardy, double jeopardy cannot arise."). May's § 2255 motion should have been denied as to both his marijuana conviction and his

conviction for laundering monetary instruments.[3]

For the foregoing reason, the district court's order granting, in part, May's § 2255 motion is REVERSED.  The district court's order denying, in part, May's § 2255 motion is AFFIRMED.

---

[3]    May makes much of the fact that in his plea agreement, May acknowledged ownership over the forfeited property, and agreed not to contest the forfeiture.  We find, however, that these facts do not alter our analysis in this case.  May's plea agreement was not signed and entered by the court until after the forfeiture had already taken place.  Therefore, any rights May might have had to the forfeited property had already been extinguished.  In addition, the fact that May acknowledged ownership over the property does not obviate the need for him to appear to challenge the forfeiture in order for jeopardy to attach.  *See* *United States v. James*, 78 F.3d 851, 855 (3d Cir. 1996) (noting that the key factor in assessing whether jeopardy attached was not whether court knew property belonged to defendant, but whether defendant appeared and contested the forfeiture).