United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10290

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

L J BRITT, also known as Capone,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-260-15-Y
--------------------

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge: *

In this direct criminal appeal, L.J. Britt, Appellant,

challenges his murder convictions for the drug-related killings

of Johnny Lee Shelton and Rudolfo Resendez. For the reasons that

follow, we affirm in part, vacate in part, and remand in part.

**I. Background**

As early as 1996, Britt participated in a narcotics

trafficking and distribution organization operated by his

---

\* Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

childhood friend Julius Robinson.

On the night of December 2, 1998, Britt and Robinson participated in the murder of Johnny Lee Shelton. In a case of mistaken identity, members of Robinson's organization incorrectly identified Shelton's white Cadillac as that of a drug dealer who had robbed Robinson. Britt and Robinson fired bullets into Shelton's vehicle, fatally wounding him.

On July 12, 1999, Britt shot drug-dealer Rudolfo Resendez in the head, killing him. The apparent motivation for this crime was pecuniary, as Resendez's drugs were divided among the murder participants for resale.

On November 2, 2000, Britt and 36 other defendants were indicted and charged with various narcotics-related offenses. Britt's final indictment charged him with various felony offenses as follows:

**Count One** – Conspiracy to Distribute More Than 100 Kilograms of Marijuana in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B). The indictment alleged Britt's knowing participation in a conspiracy, along with Robinson and others, to distribute marijuana.

**Count Two** – Conspiracy to Distribute More Than 5 Kilograms of Cocaine and Murder in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A), and 21 U.S.C. § 848(e)(1)(A). The indictment alleged Britt's knowing participation in a conspiracy to

2

distribute cocaine and his intentional killing of Resendez.

**Count Three** – Murder in Furtherance of A Continuing Criminal Enterprise in violation of 21 U.S.C. § 848(e)(1)(A). The indictment alleged the existence of a continuing criminal enterprise and that Britt murdered Shelton in furtherance of that enterprise.

**Count Four** – Murder in Furtherance of A Continuing Criminal Enterprise in violation of 21 U.S.C. § 848(e)(1)(A). The indictment alleged the existence of a continuing criminal enterprise and that Britt murdered Resendez in furtherance of that enterprise.

**Count Five** – Knowing Possession of a Firearm in Furtherance of Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(I). The indictment alleged that Britt possessed a firearm in furtherance of the offenses charged in Counts One and Three.

**Count Six** – Murder Using a Firearm in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j). The indictment alleged that Britt used a firearm to murder Shelton.

**Count Seven** – Murder While Engaging in Conspiracy to Distribute More Than 5 Kilograms of Cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 848(e)(1)(A). The indictment alleged that, while in possession of more than five kilograms of

3

cocaine, Britt murdered Resendez.

**Count Eight** – Knowing Possession of a Firearm in Furtherance of Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(I).  The indictment alleged that Britt possessed a firearm in furtherance of the offenses charged in Counts Two, Four, and Seven.

**Count Nine** – Murder Using a Firearm in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 924(j).  The indictment alleged that Appellant used a firearm to murder Resendez.

Britt was found guilty on all counts.  The District Court sentenced Britt to 480 months in prison on Count One.  He was sentenced to life in prison on Counts Two, Three, Four, and Seven, to be served concurrently.  And, he received life in prison on Counts Six and Nine, to be served consecutively to each other and the other counts.  He was also ordered to pay a special assessment of $100 for each of these seven counts.  The District Court did not issue sentences for Counts Five and Eight because they would have been duplicitous with Counts Six and Nine.

## II. Discussion

Britt argues on appeal that the District Court committed numerous reversible errors.  We treat each of his claims in turn.

*A. Jury instructions regarding Count Three and Count Four*

Britt argues that the District Court committed reversible

4

error when it issued its jury instructions regarding Count Three and Count Four. Because both sides concede that Britt objected to the jury instructions so as to preserve the issue for appeal, the standard of review appropriate in this case is abuse of discretion. *See United States v. Daniels*, 281 F.3d 168, 183 (5th Cir. 2002). This Court can find reversible error "if the jury charge, as a whole, misled the jury as to the elements of the offense." *United States v. Pace*, 10 F.3d 1106, 1121 (5th Cir. 1993) (citing *United States v. Kington*, 875 F.2d 1091, 1098 (5th Cir. 1989)) (internal quotation marks omitted).

The instruction is in compliance with *Pinkerton v. United States*. 328 U.S. 640 (1946). A *Pinkerton* charge allows a defendant whom the jury has found guilty of conspiracy to be found "guilty of any substantive act committed in furtherance thereof." *United States v. Thomas*, 348 F.3d 78, 84-85 (5th Cir. 2003) (applying *Pinkerton*). Any crime perpetrated by a co-conspirator in furtherance of the conspiracy or constituting a foreseeable consequence of the conspiracy subjects the defendant to criminal liability for that crime. *See id.* In this case, the District Court properly applied the ruling in *Pinkerton*.

*B. Constitutionality of federal murder convictions*

The District Court sentenced Britt to life in prison for committing murder in violation of 21 U.S.C. § 848(e) and 18

U.S.C. § 924(j). Britt argues that these statutes run afoul of the Tenth Amendment of the U.S. Constitution, which provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. He contends that the Constitution's Commerce Clause (U.S. Const. art. I, § 8, cl. 3) does not confer upon the U.S. Congress the power to enact these laws. As this is a constitutional matter, we review de novo.

These statutes outlaw murder in the context of illegal narcotics activities. This Court has noted that, with regards to the "federal regulation of controlled substances," "there is a rational basis to conclude that federal regulation of intrastate incidents of transfer and possession is essential to effective control of the interstate incidents of such traffic." *United States v. Kirk*, 70 F.3d 791, 797 (5th Cir. 1995). *See also United States v. Lopez*, 2 F.3d 1342, 1367 (5th Cir. 1995), *aff'd*, 514 U.S. 549 (1995), (noting that "all drug trafficking, intrastate as well as interstate, has been held properly subject to federal regulation on the basis of detailed Congressional findings that such was necessary to regulate interstate trafficking"). Murder relating to or in furtherance of such properly regulated activity can clearly be proscribed by the federal government. The Supreme Court's recent federalism

6

opinions do not alter this holding.  *See generally United States v. Morrison*, 529 U.S. 598 (2000); *United States v. Lopez*, 514 U.S. 549 (1995).  Britt's claim is without merit.

*C. Double jeopardy for conspiracy & continuing criminal enterprise*

Britt challenges his convictions for Count One, Count Two, Count Three, and Count Four.  He argues that he was subjected to double jeopardy by conviction and sentencing for violations of both 21 U.S.C. § 846 and 21 U.S.C. § 848(e).  We review double jeopardy claims de novo.  *See United States v. Arreola-Ramos*, 60 F.3d 188, 191 (5th Cir. 1995).

The Fifth Amendment guarantees that no person may "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. 5.  For present purposes, this provision serves as "protection against cumulative punishments"; it "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).

The Government contends that Congress clearly intended these to be cumulative punishments for the same act and therefore there are no double jeopardy concerns.  This is the position of several of our sister circuits.  *See United States v. Collazo-Aponte*, 216 F.3d 163, 200 (1st Cir. 2000); *United States v. McCullah*, 76 F.3d 1087, 1105 (10th Cir. 1996).

7

Even if we were to choose not to echo these opinions, the statutes at issue here clearly pass the *Blockburger* test, established by the Supreme Court to ferret out legislative intent with regards to double jeopardy: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

It is clear that § 846 and § 848(e) each require proof of an element the other does not. In order to be adjudged guilty of violating § 846, it must be proved that the defendant knowingly joined a conspiracy. *See United States v. Diaz*, 655 F.2d 580, 584 (5th Cir. 1981). However, under § 848(e), the defendant need only act in furtherance of the conspiracy (which is included in the continuing criminal enterprise offense)[1]; he need not actually knowingly join it. Likewise, in order to be guilty under § 848(e), there needs to have been a murder. This is obviously not needed for a conviction under § 846.

The *Blockburger* test shows these to be separate offenses. We therefore find Britt's double jeopardy argument to be meritless.

---

[1]*See Rutledge v. United States*, 517 U.S. 292, 307 (1996).

*D. Double jeopardy on various murder counts*

Britt argues that he was subjected to double jeopardy in violation of the Fifth Amendment by being sentenced three times for the Resendez murder (Counts Two, Four, and Seven). We review de novo.

The first issue to be addressed is whether Congress intended to create multiple offenses for the same act with 21 U.S.C. § 848(e)(1)(A). The provision applies to:

> any person engaging in or working in furtherance of a continuing criminal enterprise, or any person engaging in an offense punishable under section 841(b)(1)(A) or section 960(b)(1) [21 USCS § 841(b)(1)(A) or 960(b)(1)] who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results . . . .

21 USC § 848(e)(1)(A). There is no indication that the District Court was permitted to use this statute to punish the same act, the Resendez murder, three times.

The Government's brief, following the wording of the indictment, mischaracterizes the nature of § 848(e), which Britt was accused of violating. Both treat the section as a penalty provision. As this Court has pointed out, § 848(e) is not a penalty enhancement or sentencing provision for already established crimes; rather, it sets forth "an entirely new group of offenses--intentional murders committed during certain specified felonies." *United States v. Villarreal*, 963 F.2d 725,

9

728 (5th Cir. 1992). The Resendez murder is punishable because it violated § 848(e). Indeed, neither § 846 nor § 841 criminalizes homicide.

Naturally, Britt could be punished three times under the same statute if it were determined that he violated § 848(e) three times. Such a determination in this case would be virtually nonsensical. Each count was for a single murder, and § 848(e) criminalizes the "killing of an individual" in different contexts or through different methods, not the methods or contexts. *See* 21 U.S.C. § 848(e)(1)(A). As one district court summarized in a similar situation: "[the defendant was charged] with committing murder (one act) in violation of 21 U.S.C. § 848(e)(1)(A) (one statute) while working in furtherance of a continuing criminal enterprise and while possessing with intent to distribute cocaine (two different contexts)." *United States v. Vest*, 913 F. Supp. 1345, 1353 (W.D. Mo. 1995).

Thus, Britt is correct that the murder charges in Counts Two and Seven, along with Count Four, were multiplicitous. The central inquiry needs to be whether Britt was subjected to multiple punishments, as opposed to just multiple convictions, in violation of the Fifth Amendment.

The Supreme Court has clearly stated that even concurrent sentences can comprise multiple punishments violative of the Double Jeopardy Clause:

10

> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction.

*Ball v. United States*, 470 U.S. 856, 864-65 (1985). However, while declining to rule conclusively, the Court has mentioned the possibility that a defendant "will never be exposed to the collateral consequences like those described in *Ball* because he is subject to multiple life sentences without possibility of release." *Rutledge v. United States*, 517 U.S. 292, 302 (1996).

One might argue that is what occurred in this case. Britt will serve concurrent life sentences for the same offense. However, it appears that Britt was subjected to $100 special assessments on each of the counts we have found to be duplicitous. The imposition of additional assessments would be a collateral consequence of the § 848(e) offenses.

Accordingly, we vacate the three murder convictions on Counts Two, Four, and Seven, and remand to the District Court with instructions to reinstate only one of the duplicitous convictions.

AFFIRMED in part, VACATED in part, and REMANDED in part.